UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

**Teliesha Moore**
18278 Rolling Meadow Way
Olney, MD 20832
Plaintiff,

v.

**ADVANCED AUTISM SERVICES, LLC**
Vcorp Services MD, Inc.

2405 York Road, Suite 201, Lutherville Timonium, MD 21093

Defendant.

Civil Action No: TDC 25CV3437

# COMPLAINT

## I. INTRODUCTION

This is an action for wrongful termination, disability discrimination, and retaliation in violation of the **Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act, and the Maryland Fair Employment Practices Act.** Plaintiff seeks damages for loss of employment, denial of unemployment benefits, loss of professional credentialing, emotional distress, physical injury, and related harms.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction under **28 U.S.C. §§ 1331 and 1343**, because this case arises under federal law, including the **ADA (42 U.S.C. § 12112)** and **Title VII (42 U.S.C. § 2000e et seq.).**

2. Venue is proper in this District under **28 U.S.C. § 1391**, because the events giving rise to these claims occurred in Montgomery County, Maryland, where Defendant conducts business.

3. Plaintiff received a **Right-to-Sue Notice from the EEOC dated July 16, 2025** and is filing this action within the 90-day deadline.

### III. PARTIES

4. Plaintiff, Teliesha Moore, is a Black woman, a single mother of three neurodivergent children, and an autistic individual herself. She resides in Montgomery County, Maryland.

5. Defendant, Advanced Autism Services, LLC, is a Maryland employer providing autism services and may be served through its registered agent at Vcorp Services MD, Inc. at 2405 York Road, Suite 201, Lutherville Timonium, MD 21093

### IV. FACTUAL ALLEGATIONS

6. Plaintiff was employed as a Registered Behavior Technician (RBT) by Defendant.

7. Plaintiff has extensive experience in the field, including promotion to Lead Therapist in a prior agency, and is an author of books about neurodivergence.

8. While employed, Plaintiff advocated for an autistic child client and his family after observing a supervising BCBA's harmful practices, including punitive methods and imposition of inappropriate neurotypical goals.

9. Shortly thereafter, Plaintiff was subjected to disparate treatment compared to non-neurodivergent coworkers. The BCBA and other staff received client reassignments and flexibility, while Plaintiff's employment was misclassified.

10. Plaintiff was never informed of her termination. Instead, she discovered she had been removed from the company system in Fall 2024, just four days after her mother's death.

11. At the time, Plaintiff believed she was awaiting assignment to a new client.

12. Defendant falsely recorded her separation as a "voluntary resignation," which caused denial of unemployment benefits.

13. As a result of the termination:

- Plaintiff lost her RBT certification renewal because the supervising BCBA refused to complete the competency exam, and she could not afford renewal fees without income.
- Plaintiff lost reliable transportation, which further blocked employment opportunities.
- Plaintiff suffered serious emotional distress and was later diagnosed with reversal of cervical lordosis, a spinal injury linked to compounded stress and trauma.
- Plaintiff has faced ongoing housing insecurity and economic instability.

## V. CLAIMS FOR RELIEF

### Count I – Disability Discrimination (ADA, 42 U.S.C. § 12112)

14. Defendant discriminated against Plaintiff on the basis of her disability (ADHD and autism) by terminating her employment and denying her equal treatment compared to non-disabled staff.

### Count II – Retaliation (ADA, 42 U.S.C. § 12203; Title VII, 42 U.S.C. § 2000e-3)

15. Plaintiff engaged in protected activity by advocating for an autistic client and his family. Defendant retaliated by terminating her employment.

### Count III – Wrongful Termination in Violation of Public Policy

16. Defendant terminated Plaintiff for advocating for a vulnerable client and for asserting her rights, contrary to public policy protecting disabled individuals and whistleblowers.

### Count IV – Maryland Fair Employment Practices Act (Md. Code, State Gov't § 20-606)

17. Defendant's actions also violated Maryland law, which prohibits disability-based discrimination and retaliation.

## VI. DAMAGES

18. Plaintiff has suffered and continues to suffer damages, including but not limited to:

- Lost wages and benefits (back pay).
- Future lost wages due to credential loss and barriers to employment (front pay).
- Emotional distress, pain and suffering.

- Physical injury and medical costs.
- Housing instability and loss of transportation.
- Reputational harm and diminished career opportunities.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Enter judgment in Plaintiff's favor against Defendant;
b. Award compensatory damages, including back pay and front pay;
c. Award damages for emotional distress and physical injury;
d. Award punitive damages to deter future misconduct;
e. Award costs, expenses, and any applicable statutory attorney's fees;
f. Grant such other and further relief as this Court deems just and proper.

## VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Teliesha Moore*

Teliesha Moore
Plaintiff, Pro Se